**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SARAH FRANCES DRAYTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cast No.: 1:15-cv-04274-ODE-GGB |
| ) | |
| MCINTOSH COUNTY, GEORGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY ALL DISCOVERY RELATED ACTIVITIES**

Plaintiffs argue that a "stay of discovery" in this case is not proper because they do not believe that their Complaint[1] will be dismissed in its entirety. In making this argument, Plaintiffs fail to recognize that they are not entitled to full-blown discovery at this stage of the proceedings, and thus their cursory arguments regarding the merits of the State Defendants' motion to dismiss are irrelevant.

---

[1] Plaintiffs have since filed a First Amended Complaint which cured some, but not all, of the deficiencies of the original Complaint. The State Defendants intend to file a motion to dismiss the First Amended Complaint that will again raise Eleventh Amendment immunity and failure to state a claim. Defendants' motion is not due until March 10, 2016.

1

## II.  ARGUMENT AND CITATION TO AUTHORITIES

The Local Rules provide that the discovery period does not begin until after an answer has been filed.  The only discovery-related activities required prior to the filing of an answer are the early planning conference, the Joint Preliminary Report Discovery Plan, and Initial Disclosures.  See LR, NDGa 16.1, 16.2, and 26.  These are the activities for which the State Defendants seek a stay.  Thus, the underlying argument supporting Plaintiffs' opposition – that they are entitled to full-blown discovery before an answer is filed if it is "highly improbable" that the motion to dismiss will dispose of all claims (and their cursory conclusions regarding the merits of the motion to dismiss), is not responsive to the legal issues raised in this motion to stay.  In addition, these Local Rules make Plaintiffs' balancing test analysis inapposite.

First and foremost, Eleventh Amendment immunity goes to the Court's subject matter jurisdiction.  Seminole Tribe v. Fla., 517 U.S. 44, 72-73 (1996).  Plaintiffs do not even address the jurisdictional nature of the immunity.  And, as noted in the State Defendants' opening brief, whether the immunity applies must be resolved before the Court may address the underlying claims.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

Further, the State Defendants have cited a number of cases showing the unique interests implicated by governmental immunities. These immunities provide protection not only from civil damages, but also from the rigors of litigation itself. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 n.5 (1993); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982); Anderson v. Creighton, 483 U.S. 635, 646 (1987); Ashcroft v. Iqbal, 556 U.S. 662, 685-86 (2009). Having to participate in even the limited discovery required by the Local Rules would thwart the purpose of immunity. See Iqbal, 556 U.S. at 686 (requiring defendant to participate in even "minimally intrusive discovery" would thwart the purpose of qualified immunity). Plaintiffs also do not acknowledge these interests.

Finally, the State Defendants maintain that the Complaint fails to state a claim.[2] As a result, Plaintiffs are not entitled to any discovery. See Id. at 664-65 (plaintiff who fails to state a claim "is not entitled to discovery, cabined or otherwise").

## II.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in their opening brief, the State of Georgia, Governor Nathan Deal in his official capacity, the Georgia

---

[2] As does the First Amended Complaint.

3

Department of Natural Resources, Commissioner Mark Williams in his official capacity, and the Sapelo Island Heritage Authority hereby request that all discovery related activities be stayed in this matter pending a resolution of the intended motions to dismiss the First Amended Complaint.

        Respectfully submitted,

| | |
|---|---|
| SAMUEL S. OLENS | 551540 |
| Attorney General | |

| | |
|---|---|
| W. WRIGHT BANKS, JR. | 036156 |
| Deputy Attorney General | |

/s/ Julie Adams Jacobs

| | |
|---|---|
| JULIE ADAMS JACOBS | 003595 |
| Senior Assistant Attorney General | |

/s/ Michelle J. Hirsch

| | |
|---|---|
| MICHELLE J. HIRSCH | 357198 |
| Assistant Attorney General | |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
JULIE ADAMS JACOBS
Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 463-5989
FAX (404) 657-3239
Email: jjacobs@law.ga.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This the 2nd day of March, 2016.

/s/ Michelle J. Hirsch
MICHELLE J. HIRSCH            357198
Assistant Attorney General


MICHELLE J. HIRSCH
Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 463-5989
FAX (404) 657-3239
E-mail: mhirsch@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2016, I electronically filed the foregoing **STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY ALL DISCOVERY RELATED ACTIVITIES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Robert Jackson<br>Robert B. Jackson, IV, LLC<br>260 Peachtree Street, Suite 2200<br>Atlanta, GA  30303 | Reed N. Colfax<br>Jia M. Cobb<br>Ryan C. Downer<br>Jaime L. Crook<br>Relman, Dane, & Colfax PLLC<br>1225 19th St. NW, Suite 600<br>Washington, DC  20036 |
| Richard K. Strickland<br>John E. Bumgartner<br>Bradley J. Watkins<br>Brown Readdick Bumgartner Carter Strickland & Watkins LLP<br>PO Box 220<br>Brunswick, GA 31521-0220 | |

/s/ Michelle J. Hirsch
MICHELLE J. HIRSCH          357198
Assistant Attorney General
Attorney for State Defendants

Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 463-5989
FAX (404) 657-3239
E-mail: mhirsch@law.ga.gov