IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH FRANCES DRAYTON; CAROLYN BANKS; MELVIN BANKS, SR.; CEASER BANKS; NANCY BANKS; LORIE BANKS on behalf of herself and the ESTATE OF MELVIN BANKS, JR.; MARION BANKS; ROBERTA BANKS; RICHARD BANKS; ELLEN BROWN; CAROLYN CARTER; EARLENE DAVIS; ANDREA DIXON; DEBORAH DIXON; SAMUEL L. DIXON; DAN GARDNER; CHERYL GRANT; BOBBY GROVNER; CELIA GROVNER; DAVID GROVNER, SR., on behalf of himself and the ESTATE OF VERNELL GROVNER; DAVID GROVNER, JR.; EVA GROVNER; GEORGE GROVNER; IREGENE GROVNER, JR.; RALL GROVNER; ANGELINA HALL; REGINALD HALL; BENJAMIN HALL; FLORENCE HALL; JOSEPH HALL; MARGARET HALL on behalf of herself and the ESTATE OF CHARLES HALL; MERDEN HALL; ROSEMARY HARRIS; HAROLD HILLERY; JOHNNIE HILLERY; BRENDA JACKSON; WALTER JOHNSON; JESSE JONES; TEMPERANCE JONES; SONNIE JONES; HARRY LEE JORDAN; BENJAMIN LEWIS, JR. on behalf of himself and the ESTATE OF BENJAMIN LEWIS, SR.; DELORES HILLERY LEWIS; JOHNNY MATTHEWS; FRANCES MERCER; MARY DIXON PALMER; LISA MARIE SCOTT; ANDREA SPARROCK; DAVID SPARROCK; AARON WALKER; STACEY WHITE; SYLVIA WILLIAMS; VALERIE WILLIAMS; HELP ORG, INC.; and RACCOON HOGG, CDC,<br><br>        Plaintiffs<br><br>v. | CIVIL ACTION NO.<br>1:15-CV-4274-ODE |

MCINTOSH COUNTY, GEORGIA; STATE
OF GEORGIA; GOVERNOR NATHAN
DEAL, in his official capacity;
GEORGIA DEPARTMENT OF NATURAL
RESOURCES; GEORGIA DEPARTMENT
OF NATURAL RESOURCES
COMMISSIONER MARK WILLIAMS, in
his official capacity; SAPELO
ISLAND HERITAGE AUTHORITY;
MCINTOSH COUNTY SHERIFF STEPHEN
JESSUP, in his official
capacity; and MCINTOSH COUNTY
BOARD OF TAX ASSESSORS,

            Defendants

## ORDER

This discrimination case is before the Court on Defendant McIntosh County, Georgia's Motion to Transfer Venue [Doc. 13].[1] For the reasons discussed below, the Motion to Transfer [Doc. 13] is GRANTED. The case is TRANSFERRED to the United States District Court for the Southern District of Georgia, Brunswick Division.

## I. Background

The following brief statement of facts is taken from Plaintiffs' Amended Complaint [Doc. 29].

According to the Amended Complaint, Plaintiffs are individuals who own land on Sapelo Island, an island located within McIntosh County, off the coast of Georgia. Sapelo Island is home to the largest, and last intact, Gullah-Geechee community in the United

---

[1]The Motion was also put forth by McIntosh County Manager C. Brett Cook, who was named as a defendant in his official capacity in the initial Complaint [Doc. 1]. The Amended Complaint [Doc. 29] drops Cook as a defendant, but adds McIntosh County Sheriff Stephen Jessup, in his official capacity, and McIntosh County Board of Tax Assessors.

States.[2] The island is cut off from mainland Georgia, and may only be accessed by boat. The Plaintiffs allege that Defendants State of Georgia; Governor Nathan Deal, in his official capacity; Georgia Department of Natural Resources; Georgia Department of Natural Resources Commissioner Mark Williams, in his official capacity; Sapelo Island Heritage Authority ("SIHA")[3]; McIntosh County, Georgia; McIntosh County Sheriff Stephen Jessup, in his official capacity; and McIntosh County Board of Tax Assessors (collectively, "Defendants") have discriminated against Sapelo Island and its residents in a number of ways. Specifically, Plaintiffs allege that Defendants have discriminated by:

- not providing emergency medical services;
- not providing fire services;
- not providing police services;
- not providing waste removal services;
- failing to repair and maintain roads;
- not providing water and sewage services;
- operating a ferry, which allows access to Sapelo Island, in a limited manner by only providing three trips a day;
- not making the ferry accessible to people with disabilities;
- failing to cite zoning code violations on Sapelo Island for residences built by white residents;

---

[2]The Gullah-Geechee are descendants of people from various parts of West Africa, whose ancestors were brought as slaves to the southeastern coast of the United States [Doc. 29 ¶ 167].

[3]These five Defendants are collectively referred to as "State Defendants" throughout the Order.

3

- raising property appraisals;
- failing to apply the Historical District Preferential Tax to property located on Sapelo Island; and
- spending county funds on white residents instead of on Sapelo Island.

Plaintiffs bring ten different causes of action against Defendants. The causes of action are as follows:

- Discrimination under the Fair Housing Act, 42 U.S.C. § 3604(a) against all Defendants;
- Discrimination under the Fair Housing Act, 42 U.S.C. § 3604(b) against all Defendants;
- Discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f)(1) by Plaintiffs Melvin Banks, Sr., Carolyn Banks, Lorie Banks on behalf of herself and the estate of Melvin Banks, Jr., Roberta Banks, Marion Banks, Richard Banks, Andrea Dixon, David Grovner, Sr. on behalf of himself and the estate of Vernell Grovner, Rall Grovner, Benjamin Hall, Florence Hall, Johnnie Hillery, Benjamin Lewis, Jr. on behalf of Benjamin Lewis, Sr., Sylvia Williams, HELP Org, Inc. ("HELP"), and Raccoon Hogg, CDC ("Raccoon Hogg") against Defendants Deal and Williams;
- Discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f)(2) by Plaintiffs Melvin Banks, Sr., Carolyn Banks, Lorie Banks on behalf of herself and the estate of Melvin Banks, Jr., Roberta Banks, Marion Banks, Richard Banks, Andrea Dixon, David Grovner, Sr. on behalf of himself and the estate of Vernell Grovner, Rall Grovner, Benjamin Hall, Florence Hall, Johnnie Hillery, Benjamin

Lewis, Jr. on behalf of Benjamin Lewis, Sr., Sylvia Williams, HELP, and Raccoon Hogg against Defendants Deal and Williams;

- Discrimination under the Fair Housing Act, 42 U.S.C. § 3605(f)(2) by all Plaintiffs except Iregene Grovner, Jr. and Walter Johnson against Defendants McIntosh County and McIntosh County Board of Tax Assessors;
- Discrimination under 42 U.S.C. §§ 1981 and 1983 by all Plaintiffs except HELP and Raccoon Hogg against Defendants Deal, Williams, SIHA, McIntosh County, Sheriff Jessup, and McIntosh County Board of Tax Assessors;
- Discrimination under 42 U.S.C. §§ 1982 and 1983 by all Plaintiffs except HELP and Raccoon Hogg against Defendants Deal, Williams, SIHA, McIntosh County, Sheriff Jessup, and McIntosh County Board of Tax Assessors;
- Discrimination under the 14th Amendment to the United States Constitution, § 1, clause 4 and 42 U.S.C. § 1983 by all Plaintiffs except HELP and Raccoon Hogg against Defendants Deal, Williams, SIHA, McIntosh County, Sheriff Jessup, and McIntosh County Board of Tax Assessors;
- Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d by all Plaintiffs except HELP and Raccoon Hogg against Defendants State of Georgia and McIntosh County; and
- Discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12132, 12142, 12146-12148 and 42 U.S.C. § 1983 by Plaintiffs Melvin Banks, Sr., Carolyn Banks, Lorie Banks on behalf of herself and the estate of Melvin Banks, Jr.,

> Roberta Banks, Marion Banks, Richard Banks, Andrea Dixon, David Grovner, Sr. on behalf of himself and the estate of Vernell Grovner, Rall Grovner, Benjamin Hall, Florence Hall, Johnnie Hillery, Benjamin Lewis, Jr. on behalf of Benjamin Lewis, Sr., Sylvia Williams, HELP, and Raccoon Hogg against Defendants State of Georgia, Georgia Department of Natural Resources, Deal, and Williams.

The Plaintiffs seek declaratory and injunctive relief, as well as compensatory damages.

On January 29, 2016, Defendant McIntosh County filed a Motion to Transfer Venue, asking this Court to transfer the case to the United States District Court for the Southern District of Georgia, Brunswick Division ("Southern District") [Doc. 13]. The State Defendants responded to this Motion on February 9, 2016, agreeing with McIntosh County and joining its Motion [Doc. 24]. Plaintiffs responded on February 16, 2016 [Doc. 27], and Defendants filed their Reply on March 3, 2016 [Doc. 37]. The Motion is thus ripe for review.

II. **Legal Standard**

The parties agree that the Northern District of Georgia is a proper venue under 28 U.S.C. § 1391(b)(1). Defendant's Motion to Transfer, therefore, is governed by 28 U.S.C. § 1404(a), which states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The United States Court of Appeals for the Eleventh Circuit has clarified that the analysis under 28 U.S.C. § 1404(a) focuses on nine factors: (1) the convenience of the witnesses; (2) the location of relevant

documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

The decision to transfer a case to another location is within the discretion of the Court. Palmer v. Braun, 376 F.3d 1254, 1257 (11th Cir. 2004). However, the Plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The party seeking transfer bears the burden of proof to demonstrate that "the suggested forum is more convenient." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

## III. Discussion

As an initial matter, the Court finds that three of the nine factors discussed by the Court of Appeals in Manuel have no bearing on the present transfer dispute. First, in analyzing the convenience of the parties, the Court finds that this factor does not weigh in favor of either party. Plaintiffs have already demonstrated a willingness to travel to the Northern District by filing the action in this Court, and the Court assumes that Defendants are comfortable traveling to the Southern District based on their motion to transfer. Plaintiffs' counsel appears to raise the argument that the Southern District would be more inconvenient to counsel because they are from out of state, but the convenience of counsel is not relevant to the

issue of transferring venue. <u>Ramsey v. Fox News Network, LLC</u>, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004) (Thrash, J.). The Court thus finds this factor neither favors nor disfavors transfer.

Second, with regard to the availability of process to compel the attendance of unwilling witnesses, both this Court and the Southern District have the power to compel a witness to attend and testify at a trial, hearing or deposition under Federal Rule of Civil Procedure 45. The parties have not identified any witnesses who would be unwilling to attend and testify at a trial, hearing or deposition. This factor neither favors nor disfavors transfer.

Finally, in analyzing the forum's familiarity with the governing law, the Court notes that all of Plaintiffs' claims are based in federal law. Thus, there is no difference of familiarity between this Court and the Southern District on the governing law. This factor also neither favors nor disfavors transfer.

The Court now turns to the remaining six factors as outlined in <u>Manuel</u>.

1.   **The Convenience of the Witnesses**

Defendants first argue that the convenience of the witnesses weighs heavily in favor of transfer. To this end, the Defendants demonstrate that many of the current residents of Sapelo Island are not parties to this litigation.[4] These residents will be key non-

---

[4]The Complaint lists 59 Plaintiffs, with two plaintiffs being corporations and four plaintiffs being estates. Of the remaining 53 individual plaintiffs, seven (Drayton, Ceasar Banks, Nancy Banks, Florence Hall, Benjamin Hall, Joseph Hall, and Ellen Brown) are full-time residents of Sapelo Island. Ten of the individual plaintiffs (Marion Banks, Carolyn Carter, Deborah Dixon, Dan Gardner, Cheryl Grant, David Grovner, Jr., Reginald Hall, Margaret Hall, Rosemary Harris, and Sylvia Williams) reside outside of the Southern District,

party witnesses, according to Defendants, because they dispute the allegations in the Complaint.[5]  Defendants also highlight that employees of McIntosh County and members of the McIntosh Board of Tax Assessors all reside in the Southern District.  Because these witnesses reside in the Southern District, the Defendants argue that transferring the case to the Southern District will be more convenient.

Plaintiffs respond by arguing that the majority of employees of the State reside in the Northern District.  Plaintiffs also point out that the United States Department of Housing and Urban Development ("HUD"), which is investigating the same conduct at dispute in this case, is operating out of a regional office in Atlanta.  Plaintiffs finally note that they plan on retaining multiple expert witnesses who reside outside of the Southern District.

The convenience of the witnesses is "of great importance to the decision to transfer venue from one forum to another."  Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d at 1356.  In assessing this factor, the Court must focus on the convenience of key non-party witnesses.  See id.

Here, the convenience of witnesses strongly favors Defendants. The only specific, non-party witnesses identified by either party are those residents of Sapelo Island who are not plaintiffs in this suit.

---

with Deborah Dixon, Cheryl Grant, and Reginald Hall residing in the Northern District.  The remaining 36 plaintiffs reside in the Southern District.

[5]In support of this argument, Defendants attach an article from the January 21, 2016 issue of *The Darian News* titled "Sapelo Residents are Not Happy about Lawsuit Filed against County and State" [Doc. 13-2].

Taking Plaintiffs' allegations as true, these witnesses face a great deal of inconvenience by merely leaving Sapelo Island. Compounding these issues with a trip to Atlanta, rather than a trip to Brunswick, only amplifies the inconvenience to these witnesses. This inconvenience is far greater than any inconvenience that may be experienced by HUD employees, State employees, or any expert witnesses Plaintiffs plan to retain. Because requiring the Sapelo Island residents to travel to Atlanta, as compared to Brunswick, would only amplify their inconvenience, the convenience of the witnesses strongly favors transfer.

### 2. Location of Documents/Ease of Access to Sources of Proof

Defendants next argue that the location of documents favors transfer because the majority of documents are located in McIntosh County. Defendants believe that records relating to services, local ordinances, the enforcement of local ordinances, tax issues, and property issues are located in the Southern District, such that transfer to the Southern District would be far more convenient for the parties.

Plaintiffs respond by arguing that the majority of relevant documents, including any documents produced by State Defendants and the documents gathered by HUD during its investigation, are stored in the Northern District. Plaintiffs also argue that Defendants fail to demonstrate how they would be inconvenienced by having to transport documents from McIntosh County to the Northern District.

The location of documents has become a less significant factor given the rise of electronic communication and document production. See Huntley v. Chi. Bd. of Options Exch., – F. Supp. 3d –, No. 1:15-CV-1945-AT, 2015 WL 5672218, at *3 (N.D. Ga. Sept. 23, 2015)

(Totenberg, J.). Nevertheless, the Court finds that this factor favors transfer. Assuming that both the State and McIntosh County possess documents relevant to this litigation, the Court believes that the documents in McIntosh County will pose more logistical issues for the parties. For example, Plaintiffs claim that there are various deformities and issues with the chains of title to much of the land on Sapelo Island. These title documents are likely all in paper format, and are all contained somewhere in McIntosh County. Although the documents will likely be copied and converted to electronic format, the extra steps the parties will have to take in order to access these documents counsels in favor of transferring the case to the Southern District. Thus, the location of documents relevant to this case weighs slightly in favor of transfer.

### 3. Locus of Operative Fact

Defendants next argue that the locus of operative fact weighs in favor of transfer, because all of the operative facts occurred in McIntosh County. Specifically, Defendants argue that the thrust of the lawsuit focuses on the insufficient services and discriminatory practices which occurred on Sapelo Island. Plaintiffs disagree and argue that the locus of operative fact is the Northern District because the decisions by the State to discriminate were made in Atlanta.

The parties' argument highlights an unsettled area of law: whether the locus of operative fact in a discrimination case is where the discriminatory decision was made or where the effects of discrimination are felt. The Court of Appeals appears to provide no guidance, and district courts in the Eleventh Circuit have split on the issue. Compare Watson v. Earthbound Holding, LLC, No. 2:12-CV-

11

2263-SLB, 2012 WL 3775760, at *4 (N.D. Ala. Aug. 27, 2012)(finding locus of operative fact where discriminatory decisions were made) with Benton v. Crane Merch. Sys., Inc., No. 1:12-CV-185(WLS), 2013 WL 4779211, at *5 (M.D. Ga. Sept. 5, 2013) (finding locus of operative fact where discriminatory decisions were effectuated). Reviewing the Amended Complaint, the Plaintiffs appear to focus on the effect of the discriminatory decisions, not the decision-making process of the State or the County. For that reason, the Court finds that the locus of operative fact is on Sapelo Island, where the alleged discrimination occurred. Because the locus of operative fact is located in the Southern District, this factor leans in favor of transfer.

### 4.  Relative Means of the Parties

Defendants next argue that Plaintiffs would enjoy decreased costs and expenses by transferring the case to the Southern District. Defendants believe that the closer proximity of the Southern District to Sapelo Island would reduce the costs of depositions, hearings, and appearances for both the Plaintiffs and key non-party witnesses. In response, Plaintiffs re-iterate their belief that the Northern District better serves the relative means of the parties, as the decisions of the State Defendants and the documents and witnesses elaborating on those decisions are located in the Northern District. The Court agrees with Defendants that, based on the relative means of the parties, transferring the case to the Southern District will better aid the Plaintiffs in pursing their claims in an economic manner. This factor therefore moves in favor of transfer.

5. **Plaintiffs' Choice of Forum**

Defendants do not dispute that Plaintiffs' choice of forum is entitled to some weight, but instead argue that, because all of the alleged discriminatory actions occurred in McIntosh County, Plaintiffs are not entitled to a strong presumption against transfer.

While Defendants are correct that the locus of operative fact is in McIntosh County, that fact alone does not obliterate the strong presumption given to Plaintiffs' choice of forum. Also, Plaintiffs' allegations link the alleged discrimination to decisions made by the State Defendants. Thus, while the Court finds that the majority of key facts occurred in the Southern District, Plaintiffs are correct in arguing that some alleged facts which are important to Plaintiffs' case likely occurred in the Northern District. See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 842 F. Supp. 2d 1360, 1364 (N.D. Ga. 2012) (Thrash, J.). Therefore, this factor weighs against transfer.

6. **Trial Efficiency and the Interests of Justice**

Plaintiffs and Defendants agree that the public interest factor becomes part of the decision to transfer only when the other factors discussed above are equal. See Membreno v. Costa Crociere S.P.A., 425 F.3d 932, 937 (11th Cir. 2005), SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004). Because the Court finds that substantially all of the other factors considered in the transfer analysis favor transfer to the Southern District, the Court finds no reason to assess the interests of justice.

In summary, the Court finds that four of the nine Manuel factors favor transfer: convenience of the witnesses, location of documents, locus of operative fact, and relative means of the parties. Three of the nine Manuel factors are neutral: convenience of the parties, availability of process to compel witnesses, and familiarity with governing law. Only one of the nine Manuel factors, plaintiffs' choice of forum, disfavors transfer. Looking at these eight factors together, the Court finds it unnecessary to weigh the final Manuel factor, interests of justice, because the factors overwhelmingly favor transfer. Accordingly, the Court finds that transfer is proper, and therefore GRANTS Defendant McIntosh County's Motion to Transfer Venue to the Southern District of Georgia.

## V. Conclusion

For the reasons discussed above, Defendant McIntosh County, Georgia's Motion to Transfer [Doc. 13] is GRANTED. The case is TRANSFERRED to the United States District Court for the Southern District of Georgia, Brunswick Division.

SO ORDERED, this __13__ day of April, 2016.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE